Filed 9/2/20  In re Watson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b) . This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT DIVISION FIVE

| | |
|---|---|
| In re LADRAE WATSON<br><br>on<br><br>Habeas Corpus. | B303328<br><br>(Los Angeles County<br>Super. Ct. No.<br>MA068412) |

ORIGINAL PROCEEDINGS in habeas corpus. Superior Court of Los Angeles County, Shannon Knight, Judge. Petition granted.

Richard B. Lennon, under appointment by the Court of Appeal, for Petitioner.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Julie A. Malone, Supervising Deputy Attorney General, and Krista L. Pollard, Deputy Attorney General, for Respondent.

Petitioner Ladrae Watson (petitioner) pled no contest in 2017 to charges of assault with a firearm (Pen. Code, § 245, subd. (a)(2)), willful infliction of corporal injury after sustaining a prior conviction (Pen. Code, § 273.5, subd. (f)(1)), and dissuading a witness (Pen. Code, § 136.1, subd. (b)(1)). He also admitted, for purposes of an alleged sentencing enhancement, that he used a firearm in the commission of the assault. The trial court sentenced him to eight years in prison, calculated as two years for the assault conviction, four years for the firearm enhancement, 16 months for the domestic violence conviction, and eight months for the dissuading a witness conviction.

Two years later, petitioner filed a petition in the superior court contending he was entitled to early parole consideration under the Public Safety and Rehabilitation Act of 2016 (Proposition 57). Proposition 57 added section 32, subdivision (a) to Article I of California's Constitution. That subdivision reads: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense." The trial court denied defendant's request for relief, finding he was not entitled to early parole consideration because he "pled no contest to assault with a firearm and admitted a special allegation of personal use of a firearm, making the offense a violent felony." Petitioner then filed a petition for habeas corpus in this court seeking the same Proposition 57 relief he sought in the trial court.

The parties agree two of petitioner's 2017 convictions, the dissuading a witness and willful infliction of corporal injury offenses, are nonviolent offenses while the third, assault with a firearm, is a violent felony. (Cal. Code Regs., tit. 15, § 3490, subd. (c) [for purposes of Proposition 57, a "'[v]iolent felony' is a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code"]; see also Pen. Code, § 667.5, subd. (c).) There is also no dispute that our holding in *In re Mohammad*

2

(2019) 42 Cal.App.5th 719 (review granted Feb. 19, 2020, S259999 (*Mohammad*)), if applied to the facts in this proceeding, supports granting petitioner's request for early parole consideration. (*Id.* at 725 ["[Proposition 57] grants eligibility for early parole consideration to '[a]ny person convicted of a nonviolent felony offense . . . after completing the full term of his or her primary offense,' and the use of the singular 'a' in a sentence that expressly contemplates criminals would be sent to prison for more than one offense means any nonviolent felony offense component of a sentence will suffice. Mohammad was convicted of a nonviolent offense, among others, and he has completed the full term of his primary offense. That means he is now entitled to early parole consideration notwithstanding CDCR's regulatory exclusion to the contrary—which we shall invalidate"].) The Attorney General simply asks us to refuse to follow our decision in *Mohammad*. We remain convinced *Mohammad* is correctly decided and we adhere to its holding here. Petitioner is entitled to early parole consideration for the reasons articulated in *Mohammad*.

Our disposition of this proceeding is as follows. The petition for writ of habeas corpus is granted. Petitioner shall be evaluated for early parole consideration within 60 days of the issuance of our remittitur.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.

4